**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MY24HOURNEWS.COM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No. |
| | ) | 1:18-cv-1647-MHC |
| AT&T CORP., VERIO, INC., NTT AMERICA, INC., ENDURANCE INTERNATIONAL GROUP HOLDINGS, INC. and GENACOM, INC., | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANT AT&T CORP.'S RESPONSE TO
PLAINTIFF'S REQUEST FOR ORAL ARGUMENT ON
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant AT&T Corp. ("AT&T") respectfully submits this Response to Plaintiff My24HourNews.Com, Inc.'s ("My24") request that this Court hear oral argument on Defendants' motions to dismiss the Complaint ("Request"). Section II.K of this Court's Standing Order provides: "motions are usually decided without oral argument." As counsel for AT&T communicated to counsel for My24 in response to My24's generic inquiry about whether AT&T would oppose a request by My24 for oral argument, AT&T sees no reason for the Court to deviate from

1

this established practice and believes the Court will be able to resolve the matters before it based on the parties' paper submissions. Now that My24 has identified the specific issues on which it believes oral argument would aid the Court (which My24 neglected to do in the course of conferring with AT&T), AT&T confirms that its view remains unchanged.[1]

My24's Request primarily claims that argument is needed because "Defendants' motions depend crucially on their incorrect contention, asserted in their reply papers, that a key statement in Plaintiff's declaration is 'false.'" Request 1. That is wrong. The disposition of AT&T's motion to dismiss does not in any way turn on the veracity of the declaration at issue. Rather, the Underwood

---

[1] My24's Request doubly misrepresents AT&T's response to My24's informal inquiry regarding oral argument. First, My24 implies that AT&T did not indicate to My24 whether it believes oral argument is warranted. *See* Request 2 & n.1. In fact, AT&T noted its understanding that this Court's Standing Order and the general practice of judges in the Northern District of Georgia rarely permit argument, and stated that it did not "see anything about this motion [to dismiss] that suggests the court should deviate from its customary practice." 9/19/18 Email, attached hereto as Ex. A at 2. Further, AT&T did *not* represent, contrary to My24's statement, that "it will respond to whether it objects to oral argument after the filing of this request." Request 2 n.1. Rather, AT&T stated that it would "assess *whether to respond* based on [My24's] filing [of an argument request]." Ex. A at 1 (emphasis added). It is precisely because, contrary to the requirements of Section 11.K of this Court's Standing Order, My24 failed to "specify the particular reasons argument may be helpful to the Court and what issues will be the focus of the proposed argument" that counsel for AT&T communicated to counsel for My24 that it would reserve its right to file a response to any request for oral argument filed by My24.

Declaration must be *ignored altogether* under well-established rules of pleading. AT&T made clear in its papers that the Underwood Declaration and its attachments must be ignored because opposition papers cannot introduce new allegations (Dkt. 59, Reply at 2).[2] Additionally, AT&T showed that even if the Underwood Declaration were considered, it would not save the Complaint. In addition to the fact that the statements in the Underwood Declaration are contradicted by My24's own Complaint and the materials incorporated therein, My24 and Underwood's prior submissions in the District of Colorado, and other materials before the Court (*id.* at 3, 10–11), it also clear that the alleged fraud was at least discoverable by the end of 2012, and My24 identifies no facts to suggest that AT&T took steps to prevent My24 from discovering the fraud after that point in time (*id.* at 8–9). These issues are clear, straightforward and fit for resolution without further assistance of counsel.

Secondarily, My24 claims oral argument is "likely to be helpful" to the Court's consideration of statute of limitations and merger clause issues. Resp. 2.

---

[2] Indeed, given the procedural impropriety of My24's filing of the Underwood Declaration, it is equally ironic and meritless for Plaintiff to contend that it "has had no opportunity" to respond to AT&T's reply brief's showings regarding that declaration. Request 2. My24 self-inflicted its perceived wound by failing to plead the allegations of the Underwood Declaration in the Complaint or to amend the Complaint (to be sure, as AT&T showed, any such amendment would be futile).

Those issues, however, are fully developed in the motion to dismiss papers, including My24's prior acknowledgement in the United States District Court for the District of Colorado that its claims accrued no later than late 2012 and its attendant admission that the very claims it now seeks to pursue here were time-barred years ago.

AT&T respectfully submits that oral argument is not necessary to aid this Court in deciding the pending motion to dismiss, and would occasion only unnecessary additional expense and delay in resolution of the pending motion to dismiss this case upon the fifth complaint that My24 has filed against AT&T.

Dated: September 19, 2018

/s/ David L. Balser
David L. Balser (Georgia Bar No. 035835)
Julia C. Barrett (Georgia Bar No. 354322)
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5138
dbalser@kslaw.com
jbarrett@kslaw.com

Eamon P. Joyce (admitted *pro hac vice*)
Marissa Alter-Nelson (admitted *pro hac vice*)
Christina Prusak Chianese (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019

Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599
ejoyce@sidley.com
malternelson@sidley.com
cchianese@sidley.com

*Counsel for Defendant AT&T Corp.*

## **TYPE AND FONT CERTIFICATION**

The undersigned certifies that the foregoing complies with Local Rule 5.1(B) regarding typefaces and fonts.

/s/ David L. Balser

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2018, a true and correct copy of the foregoing **DEFENDANT AT&T CORP.'S RESPONSE TO PLAINTIFF'S REQUEST FOR ORAL ARGUMENT ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing and make available the same to all counsel of record:

>Von A. DuBose
>Tanya F. Miller
>DUBOSE MILLER LLC
>75 14th Street N.E., Suite 2110
>Atlanta, Georgia 30309
>Telephone:  (404) 720-8111
>Facsimile:  (404) 921-9557
>dubose@dubosemiller.com
>miller@dubosemiller.com
>*Counsel for Plaintiff*
>
>Scott A. Griffin
>Michael D. Hamersky
>GRIFFIN HAMERSKY LLP
>420 Lexington Avenue, Suite 400
>New York, New York 10170
>Telephone:  (646) 998-5580
>Facsimile:  (646) 998-8284
>sgriffin@griffinlegal.com
>mhamersky@griffinlegal.com
>*Counsel for Plaintiff*

Henry D. Fellows, Jr.
Michael C. Gretchen
FELLOWS LA BRIOLA LLP
225 Peachtree Street, N.E.
South Tower, Suite 2300
Atlanta, Georgia 30303-1731
Telephone:  (404) 586-9200
Facsimile:  (404) 586-9201
hfellows@fellab.com
mgretchen@fellab.com
*Counsel for Defendants Verio Inc. and NTT America, Inc.*

Keelin Kavanaugh
Wendy C. Michael
GREENSPOON MARDER LLP
590 Madison Avenue
New York, New York 10022
Telephone:  (212) 524-5000
Facsimile:  (212) 524-5050
keelin.kavanagh@gmlaw.com
wendy.michael@gmlaw.com
*Counsel for Defendants Verio Inc. and NTT America, Inc.*

Frank B. Strickland
STRICKLAND BROCKINGTON LEWIS LLP
Midtown Proscenium Suite 2200
1170 Peachtree Street N.E.
Atlanta, GA 30309
Telephone:  (678) 347-2211
Facsimile:  (678) 347-2210
fbs@sbllaw.net
*Counsel for Genacom, Inc.*

>  */s/ David L. Balser*
>  David L. Balser (Georgia Bar No. 035835)
>  KING & SPALDING LLP
>  1180 Peachtree Street, N.E.

Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5138
dbalser@kslaw.com

*Counsel for Defendant AT&T Corp.*